UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

NICOLE PROBST                                              JURY TRIAL DEMANDED

v.                                                         CASE NO.

UNITED COLLECTION BUREAU, INC.

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692.

2. This Court has jurisdiction. 15 U.S.C. § 1692k, 28 U.S.C. § 1331.

3. Plaintiff is a natural person who resides in Blair County, Western District of Pennsylvania.

4. Plaintiff is a consumer within the FDCPA.

5. Plaintiff allegedly incurred a debt within the FDCPA.

6. Defendant holds itself out to the public as a collection agency.

7. Defendant is a debt collector within the FDCPA.

8. Defendant's collection efforts took place within the past year.

9. On or about July 1, 2008, the Defendant left a message on Plaintiff's neighbor's home phone.

10. Plaintiff's neighbor provided her with a note to return Defendant's phone call.

11. On or about July 11, 2008, Defendant's employee/agent, "Jeremiah", contacted Plaintiff's father disclosing the alleged debt to him.

12. "Jeremiah" later said he would take the Plaintiff's father off of Defendant's call list as a courtesy.

13. On August 14, 2008 at approximately 3:45 pm, Defendant's employee/agent, "Star Young", telephoned the Plaintiff at work.

14. Ms. Young refused to leave a message in Plaintiff's voice mail. She told the Plaintiff's secretary that she would remain on hold.

15. When the Plaintiff answered the phone, Ms. Young stated her name, the company she worked for and why she was calling.

16. Ms. Young told the Plaintiff she was going to turn her over to "UCB's Law Department" the following morning if UCB did not receive payment.

17. The Plaintiff told Ms. Young she was represented by an attorney. Ms. Young refused to take the contact information claiming the Plaintiff was being hostile toward her.

18. Ms. Starr said she had no reason to speak with Plaintiff's Attorney since UCB had not received any paperwork stating the Plaintiff retained an attorney.

19. Ms. Starr said she would be turning the Plaintiff's file over to the "law department" and they would contact Plaintiff's employer the following day in order to garnish the Plaintiff's wages.

20. Ms. Starr told the Plaintiff she needed to make arrangements to pay the alleged debt by taking out a loan or "they" would contact Plaintiff's employer to get their money.

21. The call ended with Ms. Starr telling the Plaintiff the matter had to be resolved within 45 minutes.

22. The Plaintiff was frightened and worried that Defendant would contact her employer and damage Plaintiff's nine-year reputation with the company.

**FIRST COUNT**

23. In the collection efforts, defendant violated the FDCPA, *inter alia*, §1692c(b), 1692d, 1692e, 1692e, 1692e(4), 1692e(5), 1692e(10), and 1692f.

24. As a result of defendant's illegal collection activities, plaintiff suffered actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, as well as unjustified and abusive invasions of personal privacy.

WHEREFORE, plaintiff respectfully requests this Court to:

A. Award plaintiff such damages as are permitted by law, including actual and statutory damages; and

B. Award the plaintiff costs of suit and a reasonable attorney's fee.

JEFFREY L. SUHER, P.C.

By: /s/ Jeffrey L. Suher
Jeffrey L. Suher, Esquire
Pa. I.D. # 74924
4328 Old Wm. Penn Hwy., Ste. 2J
Monroeville, PA 15146
(412) 374-9005
lawfirm@jeffcanhelp

Attorney for Plaintiff