## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICOLE PROBST, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-cv-218 |
| | ) | |
| v. | ) | |
| | ) | Judge Kim R. Gibson |
| UNITED COLLECTION BUREAU, INC. | ) | |
| | ) | |
| Defendant. | ) | |

### PRETRIAL ORDER (JURY TRIAL)

**AND NOW**, this 21st day of September, 2009, **IT IS HEREBY ORDERED** that trial in this matter, presumptively set to begin October 20, 2009 in the Final Scheduling Order, is scheduled to begin **December 7, 2009.**

IT IS FURTHER ORDERED that relevant aspects of the Court's Final Scheduling Order (Doc. No. 19) are still in effect, including the Order's instructions regarding attorney preparation for the pretrial conference.

IT IS FURTHER ORDERED that a pretrial conference in this matter is scheduled for _November 5, 2009_ at _2 : 30_ p.m. in Courtroom A, 319 Washington Street, Johnstown, PA 15901. A subsequent conference may be held at least one (1) week before trial at the Court's discretion.

IT IS FURTHER ORDERED as follows:

1.      **Jury Selection & Trial**

Jury selection in this matter is set for **Monday, December 7, 2009, at 9:00 a.m.,**

in Courtroom A, 104 Penn Traffic Building, 319 Washington Street, Johnstown,

PA 15901. Trial shall commence immediately following the completion of jury

selection on **Monday, December 7, 2009, and shall continue until completed.**

2.      **Exchange of Witness Lists and Exhibits**

   a.      Plaintiff shall serve and submit to the Court his list of trial witnesses,

   listing separately the witnesses he will call and the witnesses he may call if

   needed (other than purely for impeachment). For each witness listed,

   Plaintiff shall provide an offer of proof explaining the substance of the

   testimony of the witness. The offers of proof shall be no more than one

   (1) double-spaced page with twelve (12) point font. Plaintiff's witness list

   and offers of proof shall be due **November 9, 2009**.

   b.      Defendants shall serve and submit to the Court their list of trial witnesses,

   listing separately the witnesses they will call and the witnesses they may

   call if needed (other than purely for impeachment). For each witness listed

   Defendants shall provide an offer of proof explaining the substance of the

   testimony of the witness. The offers of proof shall be no more than one

   (1) double-spaced page with twelve (12) point font. Defendants' witness

   list and offers of proof shall be due **November 16, 2009**.

   c.      **All exhibits must be exchanged and marked in advance of trial.**

2

Copies are to be provided for the Court in binders properly labeled ("Plaintiff's Exhibits" and "Defendants' Exhibits") by **December 4, 2009**, unless otherwise ordered by the Court. In addition, counsel shall be prepared to compile and agree to a single exhibit binder ("Joint Exhibit Binder") containing the most significant exhibits that will be submitted to the jury at the close of trial. Counsel shall plan to submit twelve (12) copies of the Joint Exhibit Binder (eight (8) for the jury and four (4) for the Court). Each Joint Exhibit Binder shall contain twenty (20) sheets of lined notebook paper provided for the jury to take notes.

**d.**    Voluminous data shall be presented by summary exhibits pursuant to Fed.R.Evid. 1006, and voluminous exhibits shall be redacted to eliminate irrelevant material (which shall remain available for examination by opposing counsel). Where copies of documents are offered, the originals shall be available for examination.

**3.**    **Designation of Discovery Excerpts to be Offered at Trial**

The parties shall submit designation of excerpts from depositions, interrogatory answers, and responses to requests for admission to be offered at trial (other than for impeachment) by **November 23, 2009**.

**4.**    **Motions**

The parties shall file all *Daubert* motions and motions *in limine*, including motions under Fed.R.Evid. 104(a) and motions to limit or sever issues, together with supporting briefs or memoranda of law by **November 16, 2009.** Responses

3

shall be filed by **November 23, 2009.** All briefs supporting or opposing such
motions are limited to five (5) pages.

5.      **Proposed Jury Instructions & Verdict Slips**

All parties are required to submit proposed jury instructions and verdict slips by
**November 30, 2009**, along with computer disk/CD containing the instructions in
Work Perfect format. A charging conference will be held, at which time a ruling
will be made on each point for charge objected to by a party and a copy of the
Court's proposed charge will be provided to counsel. Counsel are required to
state objections to the proposed charge at the charging conference and to supply
proposed alternate language, together with case authority. Counsel will also be
requested to approve the form of the verdict slip at the charging conference.

6.      **Proposed Voir Dire**

Counsel are permitted to supplement the standard questions,  provided that the
proposed supplemental voir dire questions are submitted to the Court in writing by
**November 27, 2009**. Any supplemental voir dire questions approved by the
Court will be asked by Judge Gibson.

7.      **Joint Stipulations**

The parties shall file joint stipulations by **November 27, 2009**. All possible
stipulations shall be made as to:

        **a.**     Facts;

        **b.**     Issues to be decided;

        **c.**     The authenticity and admissibility of exhibits;

4

      **d.**      Expert qualifications and reports;

      **e.**      Deposition testimony to be read into the record; and

      **f.**      A brief statement of the claims and defenses to be read to the jury to introduce the trial.

Counsel shall meet at a mutually convenient time and place to produce the joint stipulation in time for filing as ordered.

**8.**      **Final Pretrial Conference**

A final pretrial conference will be scheduled in this matter and a subsequent conference **may be held at least one (1) week before trial** at the Court's discretion.

**B.**      **Trial Procedure**

      **1.**      **Hours**

Court is in trial session, unless otherwise ordered by the Court, Monday through Friday, 9:00 a.m. to 5:00 p.m. with breaks where appropriate. All counsel are expected to be in their seats and ready to commence at the appointed times.

      **2.**      **Exhibits**

Because counsel will have previously marked and exchanged all exhibits and provided a copy to the Court, it will not be necessary during the trial to show exhibits to opposing counsel prior to using them.

      **3.**      **Approaching the Witness**

It will not be necessary for counsel to request permission to approach a witness.

5

4.    **Opening Statements and Closing Arguments**

Up to one hour is permitted to each side for opening statements and closing

arguments, depending on the complexity of the case. Normally, not more than

one-half hour is required for each side. Counsel may use exhibits or charts in

opening statements provided that the same have been provided to opposing

counsel beforehand and either agreement was reached or the Court has ruled upon

the matter.

5.    **Side Bar Conferences**

The Court believes that counsel should be considerate of the jurors' time.

Consequently, side bar conferences are highly disfavored because they waste the

jury's time and unduly extend the length of the trial. Counsel will meet with the

Court at 8:30 a. m. each day (or earlier if necessary to ensure that trial commences

on time) to raise points of evidence or other issues that would otherwise

necessitate a side bar conference. Failure to raise the issue at that time will

generally result in a disposition of the in-court objection in the presence of the

jury. If necessary, counsel and the Court may amplify their objections and rulings

on the record after the jury has been excused for a break, for lunch or for the day.

In addition, it is expected that counsel will anticipate evidentiary issues requiring

lengthy argument and will take up such matters out of the presence of the jury.

The Court will be available at 8:30 a.m. each morning to address such issues. It is

the responsibility of counsel to notify other counsel of the need for a conference at

8:30 a.m. and all other counsel will be expected to be there at the appointed time

6

for argument. **THE COURT WILL NOT DELAY THE PROCEEDINGS TO RESPOND TO LAST MINUTE REQUESTS FOR CONFERENCES TO DISCUSS MATTERS WHICH, IN THE EXERCISE OF REASONABLE DILIGENCE, COULD HAVE BEEN HEARD AT THE MORNING CONFERENCE.**

6.    **Witness List**

Prior to the commencement of the trial, counsel shall provide opposing counsel with a complete witness list, and shall provide opposing counsel throughout the trial with the actual list of the next day's witness by 5:30 p.m. in the order they are expected to be called. The same procedure will be employed by both sides at the end of each trial day. Counsel should be sure that they have adequate witnesses to fill the time allotted each day.

7.    **Note Taking**

The jury shall be permitted to take notes.

8.    **Jury Questions During Deliberations**

During deliberations all written questions submitted by the jury are read to counsel by Judge Gibson. Counsel and the Court will meet to discuss and hopefully agree on a reply. The jury is then summoned to the Courtroom in most cases and the verbal reply is given to them. A written reply is provided where appropriate.

9.    **Jury Instructions**

A copy of the jury instructions shall be provided to the jury for use during its

7

deliberations.

10. **Jury Access to Exhibits**

Unless otherwise advised by counsel, it will be assumed that all admitted exhibits

will be sent out with the jury.

**BY THE COURT:**

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**

8